## GEORGE W. WILSON *et al. versus* BENJAMIN M NEVERS.

A plea in abatement for the non-joinder of other persons as defendants, must give the plaintiff a better writ.

A plea in abatement, in assumpsit, that the promise was made jointly by the defendant and other persons named in the plea, is not supported if it appears that one of the persons named did not, or that another person not named did, join in the promise.

If the defendant in an action of assumpsit pleads in abatement the non-joinder of others as defendants, and the plaintiff thereupon amends his writ and declaration accordingly, and summons in the persons named in the plea, but afterwards discontinues against them, he is not thereby estopped, upon the trial of the issue on the plea in abatement, to deny that such persons joined in the promise.

ASSUMPSIT on a promissory note, dated September 15, 1829, for $695·78, payable to the plaintiffs, and signed by the defendant as treasurer of the Merrimac Stage Company.

In the Court of Common Pleas the defendant pleaded in abatement, that the promise was made by the defendant jointly with eighteen other persons named in the plea, doing business as a joint stock company under the ..ame of the Merrimac Stage Company.

The plaintiffs thereupon moved for leave to amend their declaration, by inserting therein as defendants the persons named in the plea, and declaring against them jointly with Nevers, and that the court would issue a new writ by which they might be summoned into court, in the manner provided by the statute.

The new writ having been issued, such of the new defendants as were summoned appeared and filed a brief statement of their defence, in which they alleged that the promise was made by them jointly with certain other persons named, and therefore that the writ ought to be quashed.

The plaintiffs, by leave of court, discontinued against all the defendants except Nevers ; and to his plea in abatement they replied, that the promise was not made by him jointly with the other persons named in his plea, and tendered an issue to the country ; which was joined by the defendant.

On a trial of this issue in this Court, before *Wilde* J., it

appeared that the Merrimac Stage Company was an unincorporated joint stock company ; and the defendant offered in evidence the proceedings in the Common Pleas, by which the new defendants were summoned in, contending that these proceedings were an admission on the part of the plaintiffs, that the new defendants were joint contractors with the defendant Nevers, and operated as an estoppel on the plaintiffs to deny that fact. The judge disallowed the evidence as an estoppel, but permitted it to be read to the jury, leaving them to judge of its weight and effect.

The defendant offered evidence tending to show that the stage company was composed precisely of the persons named in the plea ; and evidence to the contrary was produced by the plaintiffs.

The defendant contended, that the plea would be maintained by proving that all the persons named in it were members of the company, even if there were other persons not named, who were also members.

But the judge instructed the jury, that in order to maintain the plea, they must be satisfied that the persons named in it composed the company when the note was given ; that if one named in it was not in the company at that time, or if one not named in it was then in the company, the plea was not proved, and their verdict must be for the plaintiffs, that the defendant did not promise jointly with the persons named in his plea in abatement.

The jury returned a verdict for the plaintiffs accordingly.

The defendant moved for a new trial, on the ground that the above instructions to the jury were erroneous ; and likewise because the judge ruled that the statute abolishing special pleading did not affect the questions raised by this plea in abatement.

*S. D. Parker*, in support of the motion, cited Archb. Dig. of Pl. and Evid. 303, 304 ; *Guild v. Richardson*, 6 Pick. 369 ; *Tingley v. Bateman*, 10 Mass. R. 345 ; *Symonds v. Parmenter*, 2 Str. 1269 ; *Owen v. Butler*, 1 Ld. Raym. 345 ; Metcalf's Yelv. 112, note 1 ; *Otis v. Warren*, 14 Mass. R. 239 ; *Sheppard v. Baillie*, 6 T. R. 329 ; *Rice v. Shute*, 5 Burr. 2611.

Wilson
*v.*
Nevers.

*March 6th*

*Sewall,* for the plaintiffs, cited Gould on Pl. 254 ; Stephen. on Pl. 435 ; *Beach* v. *Baldwin,* 9 Connect. R. 476 ; *Wadsworth* v. *Woodford,* 1 Day, 28 ; *Goodson* v. *Good,* 6 Taunt. 587 ; *Abbot* v. *Smith,* 2 W. Bl. 947 ; *Winslow* v. *Merrill,* 2 Fairfield, 127 ; *St.* 3 & 4 *Will.* 4, c. 42, cited in Harrison's Dig. tit. *Pleading,* vii. 3 ; Revised Stat. *c.* 100, § 1, 2, 3, 7.

*March* 12*th.* DEWEY J. delivered the opinion of the Court. The defendant moves to set aside the verdict in this case, on the ground of misdirection in point of law, by the judge who tried the action.

In actions on contracts, it is the undoubted right of a defendant to have all his joint promisors joined with him in the suit, and in the earlier reported cases the want of proper parties as defendants was held a good defence under the general issue, upon the ground of variance between the promise described in the declaration, and the proof offered in the case. But as such a defence was founded on matters more particularly within the knowledge of the defendant, and as in all joint contracts each one is liable to the plaintiff to the whole amount, whether the action be against him alone, or jointly with his co-promisors, with a view to avoid the evils that would result from repeated nonsuits on the same cause of action the rule was established, that the omission to include all the promisors was a defect in form merely, and could be taken advantage of only by plea in abatement.

The defendant so far adopted this rule as to present his defence by a plea in abatement, but under this plea he insists that he is not bound to give the plaintiff a perfect writ, or the means of making a perfect writ. He claims that it is sufficient for him to show that the writ, in its present form, is defective for want of proper parties ; and he has argued the question elaborately on the point, whether it is a universal rule that in a plea in abatement the defendant must give the plaintiff a better writ.

Although a leading distinction taken in the books between pleas in abatement and pleas in bar is, that the former goes only to the action in its present form, while the latter goes to the foundation of the action, yet it very clear that this distinction has not a universal application to these pleas.

There are many cases where a plea in abatement need not furnish the plaintiff with a better writ ; as a plea that no such person exists as the plaintiff, a plea of non-tenure, or plea of disclaimer, and the like.

No authorities have been cited by the defendant to establish the position, that when the objection is really one of form and the defendant is bound to give a better writ, he is not required to point out the error and furnish the means for avoiding it in the further prosecution of the cause.  The authorities are clearly the other way.

Lord *Mansfield*, in *Rice* v. *Shute*, 5 Burr. 2611, says a defence to an action for non-joinder of all the parties liable, " must be taken in abatement, and the defendant must say *who* the partners were."  The case before him was a case of co-partners.

In 1 Esp. N. P. Digest (3d edit ) 118, it is said, that where the defendant pleads in abatement the non-joinder of his partners, he sets out all his partners and the plaintiff knows against whom to proceed.

The rule as stated by Mr. Gould, in his treatise on pleading, *p.* 254, is, that the plea must be so framed as to enable the plaintiff, in a subsequent suit for the same cause of action, to supply the defect or avoid the mistake.

In Stephen on Pleading, 435, it is said the meaning of the rule requiring that a plea in abatement should give the plaintiff a better writ, is, that in pleading a mistake in form, in abatement, the plea must correct the mistake, so as to enable the plaintiff to avoid the same objection in framing his new writ.

The case of *Goodson* v. *Good*, 6 Taunt. 587, is directly in point.  It was there held, that a plea in abatement that the defendant jointly with sixteen others promised, imports that the defendant, jointly with sixteen others, and no more, promised, and if there were more the plea is disproved.

If the rule were not so, the benefits of a plea in abatement would be in a good degree lost.  If the defendant should, in relation to those matters more peculiarly within his own knowledge, be allowed to interpose a plea in abatement without furnishing the means to avoid the error in the further

prosecution of the cause, it is obvious that he might defeat the action for want of proper parties, as easily and as repeatedly under this plea, as he could do, if this objection might be taken under the general issue.

Such is not the policy of the law, and such have not been the adjudications on this question. By the rules of law, it was the duty of the defendant, by his plea, to furnish the plaintiff with the means of correcting the defect in his writ. That defect was the omission of the names of some of the joint promisors. If the plea in abatement which professed to remedy that defect, omitted to furnish the names of all who were members of the joint stock company sued, or if it included among those named in it an individual who was not a joint promisor, the plea was not sustained upon the evidence.

It was suggested by the defendant, that the statute of 1836, c. 273, abolishing special pleading, had extended the grounds of defence under this plea ; but it is very apparent from the phraseology of the statute, that its provisions apply only to pleas in bar, and not to pleas in abatement.

But the defendant further contends, that the plaintiffs were estopped to deny that the persons named in the plea in abatement were not the joint promisors, as named in that plea, by reason of their own proceedings pending the action. He claims that the plaintiffs, by procuring an amendment of their writ, summoning the persons named in the plea, and filing a new declaration including them as joint promisors, have confessed the truth of the plea, on the record.

It is difficult to perceive how any greater effect could be given to this proceeding, than would be in the case of an original writ against several defendants, which had been amended by striking out the name of one of them. In such a case it certainly would not be contended, that the plaintiff would be estopped from showing that the promise was made only by those retained in his writ. The plaintiff may act under a mistake, and in a case like the present, may have been misled by the defendant, but discovering his error, he places his declaration on correct premises. To give effect to the principle claimed by the defendant, would be sub-

stantially to abrogate the whole doctrine of amendments, and as well in reference to the nature of the contract declared upon, as in reference to the parties to that contract. It would deprive the party of the benefit of the provisions of the statute allowing new parties to be added, if he is to be estopped by his previous pleadings. It was properly ruled at the trial, that the plaintiffs were not estopped from denying the truth of the facts set forth n the plea in abatement, and that the amendment they had intr·.luced into their writ and declaration was at most only evidence to be laid before the jury for their consideration.

<em>Judgment on the verdict.</em>